# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| BERNICE NEAL, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CV412-217 |
| JAMES T. DOWLING, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Bernice Neal's form complaint against James T. Dowling, doc. 1, along with her motion for leave to file it *in forma pauperis* (IFP). Doc. 2. Proceeding *pro se* and supplying a Georgia address, she alleges that through her agent she gave Dowling $1400 for rent and a security deposit on a mobile home in Port Wentworth, Georgia. Doc. 1 at 3. Apparently, she leased it sight unseen and did not like what she saw when she took possession. *Id.* at 4 (specifying various flaws). She thus sought a refund from Dowling, who evidently is the lessor. *Id.*

Dowling, she further alleges, refused to refund her money but promised to address her complaints. *Id.* When he reneged, she called the

police and filed an incident report. *Id.* at 5. She then returned the homes keys by certified mail, and demanded her money back. *Id.* Having not received her money back, she filed this action. Doc. 1.

For "filing jurisdiction" purposes only, the Court **GRANTS** Neal's IFP motion, doc. 2, as she has shown that she is indigent. But her case must be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) (requiring dismissal if the Court determines it lacks subject matter jurisdiction), as she has failed to invoke a subject-matter jurisdictional basis for this action.[1] For starters, she discloses a Georgia address for herself, doc. 1 at 7, yet has failed to plead that the Dowling is anything but a Georgia resident. Nor has she pled more than $75,000 in damages.[2] Hence, she

---

[1] Alternatively, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

[2] Because this is a court of limited jurisdiction, the burden is on Neal to plead and prove by a preponderance of the evidence, facts supporting its existence. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (because federal courts are courts of limited jurisdiction "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . .") (quotes and cite omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Those invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), for example, bear the burden of establishing complete diversity of citizenship -- that the plaintiff and defendant are domiciled in different states -- and that the amount in controversy more likely than not exceeds § 1332's $75,000

cannot invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); *Denegal v. DeVeaux*, 2011 WL 1456183 at * 1 (S.D. Ga. Mar. 28, 2011).

Plaintiff also has failed to present a federal question under 28 U.S.C. § 1331. She has not invoked any federal statute, for example, such as 42 U.S.C. § 1983 (offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law), and "judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." *Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009).[3]

---

jurisdictional requirement. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *partially abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076-77 (11th Cir. 2000); *Connally v. State Farm Fire and Cas. Co.*, 2012 WL 2155110 at * 12 (S.D. Ala. May 22, 2012).

[3] The Eleventh Circuit reminds that:

> [p]ro se pleadings must be liberally construed, though the courts may not serve as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), *as recognized by Randall v.*

Accordingly, her case should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears no indication that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

**SO REPORTED AND RECOMMENDED** this 23rd day of August, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

*Scott*, 610 F.3d 701, 705-06 (11th Cir. 2010).

*Sctry, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 421 (11th Cir. 2010); *Wilkerson v. H & S Lee, Inc.*, 2010 WL 2942635 at * 1 (S.D. Ga. Jun. 22, 2010).